UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE ED SMITH                                                                                          PETITIONER

VERSUS                                                           CIVIL ACTION NO. 1:19CV289-HSO-RHW

JOE ERRINGTON                                                                                         RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Willie Ed Smith filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence in the Circuit Court of Harrison County, Mississippi. Doc. [1]. On April 15, 2015, a jury convicted Smith of unlawful possession of a firearm by a convicted felon. Doc. [9-1] at 76. By sentencing order filed on April 21, 2015, the trial court sentenced Smith as an habitual offender to a ten-year prison term without hope of parole or probation. Doc. [8-1]. Smith filed an appeal. On August 23, 2016, the Mississippi Court of Appeals affirmed Smith's conviction and sentence. Doc. [8-2]. Smith's petition for rehearing was denied on January 17, 2017. *Id.* After the mandate had issued, Smith requested leave to file an out-of-time extension of time to file a petition for writ of certiorari. Doc. [8-3]. The Mississippi Supreme Court dismissed the motion on February 10, 2017. *Id.*

On October 29, 2018 (with a signature date of October 11, 2018) Smith filed an application for post-conviction relief in state court. Doc. [9-9] at 5-37. The Mississippi Supreme Court dismissed the application by order filed on January 9, 2019. Doc. [8-4]. Smith then filed the instant § 2254 petition on May 17, 2019. Respondent has filed a motion to dismiss and argues that Smith's § 2254 petition is barred by the Anti-terrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period. Doc. [8]. In response, Smith argues that time for filing a petition should be tolled from April 20, 2015 to February 10, 2017. He further asserts that the one-year limitation period should not be applied to first time petitions.

## LAW AND ANALYSIS

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent argues that Smith's judgment of conviction became final on February 10, 2017, the date the Mississippi Supreme Court dismissed Smith's request for an out-of-time extension of time to file a petition for certiorari. At that point in time, according to Respondent, Smith's appeal process stopped; therefore, February 10, 2017, is the date of final judgment for purposes of the AEDPA's one-year limitations period. *See Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003). In response to the motion to dismiss, Smith concedes that the appellate process concluded on February 10, 2017. Doc. [10] at 2. Thus, the undersigned concludes that to be timely Smith needed to file his § 2254 petition no later than February 10, 2018, or within one year of his judgment of conviction becoming final. *See Flanagan v. Johnson*, 154 F.3d 196, 201

2

(5th Cir. 1998). Thus, absent statutory or equitable tolling, Smith's petition of May 17, 2019, was filed approximately 15 months beyond the deadline for filing a timely § 2254 petition.

Smith is not entitled to statutory tolling. Smith did not file a motion for post-conviction collateral relief in state court until October 29, 2018—approximately eight months after the deadline to file a timely § 2254 petition. Because he filed his state application more than one year after his judgment of conviction became final, Smith's state application does not operate to toll the AEDPA's one-year limitation period. In his response, Smith relies on outdated case law, from prior to the April 24, 1996 enactment of the AEDPA, to argue that only second or successive petitions should be dismissed as an abuse of the writ. *See Panetti v. Quarterman*, 551 U.S. 930, 964-66 (2007) (explaining different treatment of successive petitions pre- and post-AEDPA). The Fifth Circuit has consistently upheld the constitutionality of the AEDPA and its one-year limitation period. *See Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999). Accordingly, unless Smith identifies some exception to the limitation period, his petition is time-barred and should be dismissed with prejudice.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Smith fails to allege or argue any extraordinary circumstance that would justify equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). He merely argues that he should have the right to be heard by a federal judge on his initial petition. This is not a recognized basis for equitable tolling of the one-year limitations period.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [8] Motion to Dismiss be GRANTED and that Willie Ed Smith's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 27th day of November 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE