# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WILLIE ED SMITH**                                       **PETITIONER**

v.                                        Civil No. 1:19cv289-HSO-RHW

**JOE ERRINGTON**                                       **RESPONDENT**

## ORDER OVERRULING PETITIONER'S OBJECTION [13], ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATION [12], AND DISMISSING PETITION [1] FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

BEFORE THE COURT is Petitioner Willie Ed Smith's Objection [13] to United States Magistrate Judge Robert H. Walker's Proposed Findings of Fact and Recommendation [12], which recommended dismissing Petitioner's Petition [1] for Writ of Habeas Corpus with prejudice. After due consideration of the Proposed Findings of Fact and Recommendation [12], the submissions of the parties, and relevant legal authority, the Court finds that Petitioner's Objection [13] should be overruled, that the Magistrate Judge's Proposed Findings of Fact and Recommendation [12] should be adopted, and that Petitioner's Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice.

## I. BACKGROUND

On May 17, 2019, Petitioner Willie Ed Smith ("Smith" or "Petitioner") filed a Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Smith argues that his April 15, 2015, conviction in state court for unlawful possession of a firearm by a convicted felon is unconstitutional because it was the result of judicial and

prosecutorial misconduct. Mem. [2] at 6. Respondent Joe Errington ("Respondent") moved to dismiss Smith's Petition [1] on the grounds that it is barred by the one-year limitations period under 28 U.S.C. § 2244. Mot. [8] at 6. On November 27, 2019, United States Magistrate Judge Robert H. Walker entered a Proposed Findings of Fact and Recommendation [12], recommending that Petitioner's Petition [1] for Writ of Habeas Corpus be dismissed based upon its untimeliness under 28 U.S.C. § 2244. R. & R. [12]. Petitioner has filed an Objection [13], arguing that his Petition [1] is timely. Obj. [13] at 4.

## II. DISCUSSION

Because Petitioner has filed an Objection [13] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [12], this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). However, a court is not required to make new findings of fact in order to conduct a de novo review. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

28 U.S.C. § 2244 provides that a person in custody pursuant to a state court judgment has one year from the date on which the judgment becomes final to file for

2

a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge found that the date of final judgment in Smith's case was February 10, 2017, when the Mississippi Supreme Court dismissed his request for an out-of-time extension of time to file a petition for certiorari. R. & R. [12] at 2. Thus, Smith's state-court conviction became final on that date, and his deadline for filing a writ of habeas corpus in this Court was February 10, 2018. *Id.* However, Smith contends that his October 29, 2018, application for leave to file post-conviction relief, which he filed with the state trial court, tolled the one-year statute of limitations. Obj. [13] at 4. While "the time during which a *properly* filed application for State post-conviction or collateral review . . . is pending shall not be counted toward any period of limitation . . . ," 28 U.S.C. § 2244(d)(2) (emphasis added), Smith's application for post-conviction relief at the state level was filed eight months after the statute of limitations on his federal habeas claim had expired. Obj. [13] at 3. As such, Smith is not entitled to statutory tolling, and his current Petition is untimely.

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent de novo review of the record. After conducting this independent review, the Court finds that the Petitioner's Petition [1] is untimely under 28 U.S.C. § 2244(d)(1). Smith's Objection [13] will be overruled and the Court will adopt Magistrate Judge Robert H. Walker's Proposed Findings of Fact and Recommendation [12] as the opinion of this Court.

### III. CONCLUSION

The Court concludes that Petitioner's Objection [13] should be overruled, that the Magistrate Judge's Proposed Findings of Fact and Recommendation [12] should be adopted as the finding of the Court, and that the Petition [1] for Writ of Habeas Corpus should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objection [13] filed by Petitioner Willie Ed Smith in this case is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation [12], entered in this case on November 27, 2019, is **ADOPTED** as the finding of this Court. Petitioner Willie Ed Smith's Petitioner [1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE